UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDEL FATAH ELLAWENDY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE E. WORMUTH,<br><br>Defendant. | Case No. 21-cv-06618-WHO<br><br>**ORDER ON PETITIONS FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 57, 63, 64, 69, 70 |

Pro se plaintiff Abdel Fatah Ellawendy sued defendant Christine Wormuth, Secretary of the United States Department of the Army, over his termination as a civilian instructor at a Department of Defense school. Dkt. No. 1. Ellawendy's initial complaint asserted violations of Title VII and the Whistleblower Protection Act ("WPA"), alleging that he was subjected to a hostile work environment and retaliated against. *Id.* I dismissed Ellawendy's claims, finding that the Title VII claims were barred by res judicata and that he had not alleged that he exhausted his administrative remedies before the Merit System Protection Board ("MSPB") as required before bringing the WPA claim in district court. Dkt. No. 45. I gave him leave to amend only the WPA claim, which he did. *Id.*; Dkt. No. 47. After Ellawendy filed his amended complaint, Wormuth again moved to dismiss. Dkt. No. 57.

At oral argument on that motion, Ellawendy argued for the first time that he had appealed the MSPB's decision and therefore it was not final. He then filed petitions for reconsideration, seeking to: (1) withdraw his WPA claim, and (2) restore his Title VII claims. Dkt. Nos. 69, 70. The government did not oppose the withdrawal of the WPA claim, but did oppose reinstating the Title VII claims. Dkt. No. 71.

Ellawendy's request is GRANTED in part and DENIED in part. The WPA claim is

DISMISSED without prejudice.  *See* Fed. R. Civ. P. 41(a)(2) (allowing the court to dismiss an action by the plaintiff's request "on terms that the court considers proper").  Ellawendy has petitioned the MSPB to review its decision and without a final order from the MSPB, I lack jurisdiction over the claim.  *See Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016).

Ellawendy's request to reinstate the Title VII claims is DENIED.  Those claims are barred by res judicata; the status of the MSPB's decision has no impact on whether he can assert them now.[1]  *See* Dkt. No. 45.

Because the WPA claim was the sole remaining claim in this case, Wormuth's motion to dismiss is terminated as moot.  The case is DISMISSED without prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2023



William H. Orrick
United States District Judge

---

[1] Ellawendy also sought the reinstatement of his Title VII claims in another petition for reconsideration, which takes issue with the fact that I related this case to another that he brought arising from his termination and the surrounding events.  Dkt. No. 63.  This has no bearing on whether his Title VII claims were barred under res judicata.  This petition is also DENIED.

Ellawendy's motion to disqualify me from this case is also DENIED, as it is based upon Ellawendy's dissatisfaction with an adverse ruling (my decision to relate the above-mentioned case) and his mistaken belief that I have ignored his motions.  Dkt. No. 64.